Citation Nr: 1527835 
Decision Date: 06/29/15 Archive Date: 07/09/15

DOCKET NO. 10-22 216 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Pittsburgh, Pennsylvania


THE ISSUE

1. Entitlement to a rating in excess of 10 percent for service-connected lumbar strain.

2. Entitlement to a rating in excess of 10 percent for service-connected cubital syndrome of the right elbow with a history of carpal tunnel syndrome of the right wrist (referred to hereinafter as "right elbow/wrist disability").


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

S. Becker, Counsel


INTRODUCTION

The Veteran served on active duty from September 1973 to August 1993. This matter comes before the Board of Veterans' Appeals (Board) from a June 2009 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Pittsburgh, Pennsylvania. The Veteran's 10 percent ratings for both his service-connected lumbar strain and his service-connected right elbow/wrist disability were continued therein. He appealed each of these determinations. During the pendency of the appeal, the Veteran requested a hearing. No hearing was held, however, because he later withdrew his request. 38 C.F.R. § 20.704(e) (2014). 

In a November 2013 decision, the Board denied a higher rating for the Veteran's service-connected lumbar strain as well as for his service-connected right elbow/wrist disability. He appealed to the United States Court of Appeals for Veterans Claims (Court). In May 2014, the Court issued an Order granting a Joint Motion for Remand requesting that the Board's decision be vacated and that this matter be remanded back to the Board for readjudication. The Board, determining that readjudication could not yet occur, remanded it for additional development in August 2014. Review of the Veteran's claims file at this time shows that readjudication still cannot yet occur. As such, this matter is REMANDED once again for additional development.


REMAND

Although the delay entailed by a second remand is regrettable, Board readjudication of the Veteran's claims of entitlement to a higher rating for his service-connected lumbar strain and entitlement to a higher rating for his service-connected right elbow/wrist disability is premature. Undertaking additional development prior to this readjudication is the only way to ensure that he is afforded every possible consideration. He must be afforded such consideration. VA indeed has a duty to assist him in substantiating his claim. 38 U.S.C.A. § 5103A (West 2014); 38 C.F.R. § 3.159 (2014). VA has a duty to assist him in gathering evidence that may show he is entitled to the benefits sought, in other words. 
I. Records

The duty to assist includes making as many requests as necessary to obtain treatment records in government custody, unless it is concluded they do not exist or further requests would be futile. 38 U.S.C.A. § 5103A(b)(3) (West 2014); 38 C.F.R. § 3.159(c)(2) (2014). When the existence of private treatment records is discovered, the claimant must be asked to submit them or provide enough information to identify and locate them along with an authorization for their release. 38 C.F.R. §§ 3.159(c)(1), (e)(2) (2014). If information and authorization is provided, an initial request and if necessary one or more follow-up requests must be made. 38 C.F.R. § 3.159(c)(1) (2014). The claimant shall be notified if any requested records cannot be or are not obtained. 38 U.S.C.A. § 5103A(b)(2) (West 2014); 38 C.F.R. § 3.159(e)(1) (2014).

In the current appeal, the Veteran indicated in a January 2015 statement that VA took X-rays in December 2014. They may have been in conjunction with pertinent VA medical examinations conducted a few days earlier. Records of any such X-rays are not available. A request or requests for them must be made. Indeed, VA has constructive notice of its own records. Bell v. Derwinski, 2 Vet. App. 611 (1992). Pertinent private treatment records are available. Since the most recent are dated in April 2013, it is possible that more exist. The Veteran did not respond to a September 2014 letter in this regard. Nevertheless, he again must be asked to submit or provide enough information to identify and locate any along with authorization for their release. An initial request with follow-up requests as necessary must be made if he does the latter. Notice to him and his representative finally must be made if any of the aforementioned is unsuccessful.

II. Medical Examination

If a VA medical examination has been provided, the duty to assist requires that it be adequate. Barr v. Nicholson, 21 Vet. App. 303 (2007); Hayes v. Brown, 9 Vet. App. 67 (1996). Adequacy means that the Board can perform an informed readjudication. Barr, 21 Vet. App. at 303. The disability thus must be described sufficiently. Stefl v. Nicholson, 21 Vet. App. 120 (2007); Ardison v. Brown, 6 Vet. App. 405 (1994). The Board's August 2014 remand included directives for providing adequate VA medical examinations for both the Veteran's service-connected lumbar strain and his service-connected right elbow/wrist disability. As noted above, they took place in December 2014. The examination for the lumbar strain is adequate, but the examination for the right elbow/wrist disability is inadequate. Indeed, it was noted that extension and flexion testing could not be performed because the Veteran recently had fractured his right shoulder (clavicle). Another examination to include this testing must be arranged.

Given the above, a REMAND is directed for the following:

1. Make as many requests as necessary to obtain records concerning December 2014 X-rays of Veteran's lumbar spine and right elbow/wrist. Associate all records received with the claims file. Notify the Veteran and his representative of any lack of success regarding the aforementioned.

2. Ask the Veteran to either submit any private treatment records concerning his lumbar spine and right elbow/wrist dated from April 2013 to present or provide enough information to identify and locate any along with an authorization for their release to VA. If he does the latter, make an initial request with follow-up as necessary. Associate all records received with the claims file. Notify the Veteran and his representative of any lack of success regarding the aforementioned.

3. After completion of the above, arrange for the Veteran to undergo a VA medical examination regarding his service-connected right elbow/wrist disability. The examiner shall review the claims file, documenting such in a report to be placed therein. The examiner also shall document in the report an interview with the Veteran regarding his history, symptoms, and their impact on his occupation and daily life. All necessary tests next shall be performed, the results of which shall be set forth in the report. Such testing includes Phalen's and Tinel's sign tests as well as flexion and extension testing of the elbow and wrist. Finally, the examiner should comment on the effect this disability has on the Veteran's occupation functioning and activities of daily living.

4. Finally, readjudicate the Veteran's claim of entitlement to a disability rating in excess of 10 percent for his service-connected lumbar strain and for his service-connected right elbow/wrist disability. Issue a rating decision if either determination made is wholly or partially favorable to the Veteran and a supplemental statement of the case (SSOC) if either is wholly or partially unfavorable to him. Provide a copy of the rating decision and/or SSOC to the Veteran and his representative, and place a copy in the claims file. Allow them the requisite time period to respond to an SSOC before processing for return to the Board.

No action is required of the Veteran until he is notified by VA. However, he is advised of his obligation to cooperate in ensuring that the duty to assist is satisfied. Kowalski v. Nicholson, 19 Vet. App. 171 (2005); Wood v. Derwinski, 1 Vet. App. 190 (1991). His failure to help procure treatment records, for example, may impact the determination made. His failure to report for a VA medical examination may have the same impact. 38 C.F.R. § 3.655 (2014). 

The Veteran also is advised that he has the right to submit additional evidence and argument, whether himself or through his representative, with respect to this matter. Kutscherousky v. West, 12 Vet. App. 369 (1999). It must be afforded prompt treatment. The law indeed requires that all remands by the Board or the Court be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
THERESA M. CATINO
Veterans Law Judge, Board of Veterans' Appeals

Only a decision of the Board is appealable to the Court. 38 U.S.C.A. § 7252 (West 2014). This remand is in the nature of a preliminary order and does not constitute a decision by the Board. 38 C.F.R. § 20.1100(b) (2014).